SUSAN A. EDWARDS, Appellant, v. MAURICE M. EDWARDS, Respondent.

Third Department, July 2, 1953.

*Dorothy Frooks* and *S. Leighton Frooks* for appellant.

*Frank L. Cubley* for respondent.

*Per Curiam.* Judgment of separation based on the wife's complaint was entered in St. Lawrence County, March 26, 1937. It provided alimony " for her [plaintiff's] support and maintenance " and the support of two children in the sum of $25 a week while the children were with their mother and $20 a week while in the custody of their father. The children are now adults.

Plaintiff applied in 1952 to the Special Term for an order modifying the judgment to direct payment of $75 a week for her support. She alleges, and it is not denied, that ten years have passed since defendant has paid anything for her support. She alleges she has no funds on which to live; that she has no employment and is " in poor health ", and that her husband, a teacher, earns $8,000 a year.

In opposition to this motion two affidavits by defendant's attorney were submitted. One states that the judgment of 1937 provided alimony " principally for " the support of the children. It characterizes the statement of plaintiff as to defendant's earnings as " entirely inaccurate as shown by the affidavit

of the defendant" submitted to the court in another action between the parties in another county. The order appealed from here does not recite that this affidavit was before, or was considered by, the court and the affidavit of the attorney for appellant in lieu of certification of the record here sets forth a record which does not contain this affidavit. Without any motion to correct the record, if it needs correction, defendant's counsel has taken the liberty to include this affidavit and another affidavit in his brief. We are not able to consider factual statements presented in this informal manner.

The attorney's affidavit shows that in 1941 a default judgment of divorce was granted in Nevada in favor of the husband against the wife. That judgment does not affect the validity or continuance of the New York judgment entered four years before. The court in New York in 1937 had plenary jurisdiction of the marriage and of the parties. Its entry was made while the marriage was valid and subsisting. Almost twelve years have now passed since the Nevada divorce judgment was entered. Defendant has made no motion to vacate the New York judgment or to conform it with what he contends is a valid inconsistent judgment of another State. We think he is now estopped from arguing the inconsistency of the two judgments, assuming the validity in 1941 of the Nevada judgment. The New York judgment continues to be a valid and enforcible adjudication between the parties and may be recast in its directions for support of the wife according to the present needs and resources of the parties. For this reason we regard as wholly immaterial to the questions before us the pendency of plaintiff's action in Nassau County attacking the Nevada decree or the proceedings taken in such action.

We think the judgment should be amended to require defendant to give some support to plaintiff on the basis of the proof before us, but we think there should be a full, early and careful judicial inquiry into the financial resources of defendant and the earnings, work record and actual physical condition of plaintiff. The generalities of her affidavits should be amplified by full proof.

The order entered September 18, 1952, should be reversed and the motion to amend the judgment granted to direct defendant to pay for the support of plaintiff $100 a month, commencing on notice of entry of the order herein with $10 costs and disbursements; the order entered November 10, 1952, should be reversed and motion granted to allow appellant $150 counsel fees, without costs.

The order directing the amendment of the judgment should provide that the issues of plaintiff's needs and defendant's resources be tried before an official referee to report to the St. Lawrence Special Term his findings and recommendations as to the future direction of the judgment and as to whether to eliminate, increase, or continue the alimony here provided.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order entered September 18, 1952, reversed, on the law and facts, and the motion to amend the judgment granted to direct defendant to pay for the support of plaintiff $100 a month, commencing on notice of entry of the order herein with $10 costs and disbursements; the order entered November 10, 1952, reversed, on the law and facts, and motion granted to allow appellant $150 counsel fees, without costs.

The order directing the amendment of the judgment should provide that the issues of plaintiff's needs and defendant's resources be tried before an official referee to report to the St. Lawrence Special Term his findings and recommendations as to the future direction of the judgment and as to whether to eliminate, increase, or continue the alimony herein provided.